DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JHON BANEZ,<br><br>    Defendant. | PETTY OFFENSE NO. 24-00009<br><br>**ORDER**<br>Dismissing Citations and Case |

On January 11, 2024, the above individual was given two citations on Andersen Air Force Base: E1751864 ("864") and E1751865 ("865"). Under the heading "Offense Charged," the 864 citation reflected "T16 GCA 3334, and under the heading "Offense Description," the officer wrote "T16 GCA 333 Disobey Stop Sign." For the 865 citation, the "Offense Charged" read "T9[1] GCA § 51205," and under "Offense Description," the officer wrote "T9 GCA § 51205 Littering."

On May 21, 2024, this case came before the court, and the Federal Public Defender was appointed to represent the Defendant. *See* Mins., ECF No. 4. Assistant Federal Public Defender Briana Kottke moved to dismiss the citations because the citations failed to cite to a federal statute, specifically the Assimilative Crimes Act (the "ACA"), 18 U.S.C. § 13. Additionally, Ms. Kottke asserted that there was no probable cause for the 864 citation. The court took the matter under advisement.

In 2013, Guam Public Law 32-27 repealed and reenacted Guam's vehicle code, reducing the punishment for said offenses, with a few exceptions, from petty misdemeanors to civil violations.

---

[1] The citation incorrectly referenced Title 9 of the Guam Code Annotated. The correct citation for littering should have been to Title 10 of the Guam Code Annotated, Section 51205.

Guam Pub. L. 32-27 (2013). In light of Guam's enactment of Public Law 32-27 decriminalizing most traffic offenses, it would be improper for the citation to include a reference to 18 U.S.C. § 13. Since a Guam traffic code violation is not criminal, it cannot be assimilated. *See United States v. Carlson*, 900 F.2d 1346 (9th Cir. 1990) (holding that a violation of Hawaii's speeding statute was not a criminal offense that could be assimilated under the ACA). Thus, the Defendant's motion to dismiss for failure to refer to the ACA in the citation is denied.

Instead of the ACA, Guam's traffic laws have been expressly adopted and made applicable on the island's military installations pursuant to regulation. *See* 32 C.F.R. § 210.3(b) ("All persons on a military installation shall comply with the vehicular and pedestrian traffic laws of the state in which the installation is located."). The regulation also requires that notice be posed "in an appropriate place on the DoD installation." 32 C.F.R. § 120.3(e). On November 30, 2021, the required notices were posted on the Andersen Air Force Base "Visitor Control Center, North Gate, and Arc Light (Main) [G]ate that is accessible to persons accessing" the installation. *See* Ex. 1 (Aff. Dayne M. Foote) to Response to Order to Show Cause, ECF No. 9-1 in *United States v. Carrasco*, Petty Offense Case No. 21-00098.

Here, the 864 citation on its face only referenced Guam law and contained no reference to the federal regulation that adopted Guam's traffic laws. The Defendant was given no notice that his alleged violation of Guam law subjected him to criminal penalties under federal law (including up to 30 days in jail), rather than administrative penalties under Guam law. Consistent with the district court's ruling in *United States v. Deng*, 537 F. Supp.2d 1116 (2008), the citation must be dismissed because the Defendant did not have sufficient notice of the charge against him in violation of the Sixth Amendment. *See Deng*, 537 F. Supp.2d at 1124 ("Where the citation itself cites a state civil penalty law only, the court finds that actual notice is necessary to meet the requires of the Sixth Amendment.").

As for the 865 citation, the penalty under Guam law for violating Section 51205 of Title 10, Guam Code Annotated is a fine of $200.00. *See* 10 Guam Code Ann. § 51207(a). The littering offense is only subject to a civil fine, but littering becomes a petty misdemeanor if charged under Section 51205(e). Because the offense, as charged, is not a criminal offense that can be assimilated

under the ACA, this citation must also be dismissed per *Carlson*.

Based on the above discussion, the court hereby dismisses this case and citations E1751864 and E1751865.

IT IS SO ORDERED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Jun 17, 2024